UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JAMES AIELLO,

       Petitioner,

                                 CASE NO. 2:10-cv-14330
v.                               JUDGE NANCY G. EDMUNDS
                                 MAGISTRATE JUDGE PAUL KOMIVES

CINDI CURTIN,

       Respondent.

_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR STAY AND ABEYANCE (docket #11)

I.    <u>RECOMMENDATION</u>: The Court should grant petitioner's motion to hold his habeas application in abeyance and stay the proceedings while petitioner exhausts his state court remedies.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Petitioner Donald James Aiello is a state prisoner, currently confined at the Saginaw Correctional Facility in Freeland, Michigan.  On October 28, 2010, petitioner filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 state court convictions for carjacking, armed robbery, assault, and various firearms offenses.  Following his conviction, petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, a claim that trial counsel was ineffective for failing to present an insanity defense.  In a supplemental *pro se* brief, petitioner raised additional claims that the court erred in admitting a recorded telephone conversation and that counsel was ineffective for failing to object to the jury form.  Petitioner's habeas application raises these same three claims.  However, in support of his first ineffective assistance of counsel claim regarding the insanity defense, petitioner more

specifically alleges that counsel was ineffective for subpoenaing only 4 of ten relevant witnesses and calling only one of them at trial, and for failing to interview petitioner's treating physician, Dr. Mohammad Saeed, prior to the doctor testifying at trial.

Respondent filed her answer on May 3, 2011.  As relevant here, respondent contends that the additional factual allegations made in support of petitioner's first habeas claim have not been exhausted, and thus cannot be a basis on which the Court may grant relief.  Respondent notes that the Court may deny the unexhausted claims on the merits, dismiss the entire petition as a mixed petition, or stay the petition, but does not expressly advocate for one of these options.  In response to respondent's answer, petitioner filed this motion for stay on June 17, 2011.  Petitioner concedes that the claims regarding counsel's failure to call witnesses and interview Dr. Saeed are unexhausted, and requests that the Court hold his application in abeyance so that he may exhaust these claims in state court.

B.      *Analysis*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court.  Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure.  "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state

2

remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*. Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id*. Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Further, there was no dilatory conduct. Petitioner did not, for example, wait until the limitations period was almost expired and then file his habeas petition, only then seeking to return to state court. Rather, the Michigan Supreme Court denied petitioner's motion for reconsideration of its order denying his application for leave to appeal on January 29, 2010, and his conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired. Thus, the limitations period began to run on April 29, 2010, and petitioner filed his application six months later. As to good cause, unfortunately "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning." *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted). Nevertheless some courts, including the Supreme Court, have suggested that

a prisoner's good faith misunderstanding of the law constitutes good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (including in definition of "good cause" a petitioner's "own ignorance or confusion about the law."). *See generally*, *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (*Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default.") (on remand from Court's decision in *Rhines*). Here, as in *Pace*, there is no evidence that petitioner's failure to exhaust his additional claims stemmed from anything other than "reasonable confusion" arising from the intricacies of habeas jurisprudence's procedural rules and the uncertainty surrounding many of those rules arising from the enactment of the AEDPA. Petitioner's failure to exhaust, in other words, arises from "the procedural complexities confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his claims. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'"). Finally, petitioner's claims do not appear to be "plainly meritless" on their face.

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust his additional claims. In doing so, however, the Court's "discretion in structuring the stay

is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277.  Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id.* at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela*, *supra*, explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  This approach is consistent with the command of *Rhines*.  *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*).  Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process.

C.   *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion to hold his habeas application in abeyance.  Specifically, the Court should grant petitioner's request for a stay, conditioned on petitioner's (1) commencing state court proceedings on his unexhausted claims within 30 days of the Court's order entering a stay, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                                    s/Paul J. Komives
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE
Dated: 9/8/11


> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on September 8,  2011.
>
>                                  s/Eddrey Butts
>                                  Case Manager