UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JAMES AIELLO,

    Petitioner,

                                   CASE NO. 2:10-CV-14330
v.                               JUDGE NANCY G. EDMUNDS
                                   MAGISTRATE JUDGE PAUL J. KOMIVES

JEFFREY WOODS,

    Respondent.[1]
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S
MOTION TO LIFT STAY (docket #17)**

I.    RECOMMENDATION: The Court should grant petitioner's motion to lift the stay. If the Court accepts this recommendation, the Court should order respondent to file an amended answer and any additional Rule 5 materials within 60 days of the Court's Order.

II.    REPORT:

    Petitioner Donald James Aiello commenced this action on October 28, 2010, by filing a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's habeas application challenges his 2007 state court convictions for armed robbery, assault with intent to do great bodily harm, and various firearms offenses. After respondent filed an Answer arguing that some aspects of petitioner's ineffective assistance of trial counsel claim were unexhausted, petitioner filed a motion to hold the case in abeyance so that he could pursue these claims in state courts, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). On September 8, 2011, I filed a Report recommending that the Court grant petitioner's motion, and on October 19, 2011, the Court entered

---

[1] By Order entered this date, Jeffrey Woods has been substituted in place of Cindi Curtin as the proper respondent in this action.

an Order adopting my Report and staying the case. The Court's Order conditioned the stay on "[p]etitioner's (1) commencing state court proceedings on his unexhausted claims within 30 days of this Order, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings." Order, dated 10/19/11. On September 23, 2013, petitioner filed this motion to lift the stay, as well as an amended petition. In his motion, petitioner indicates that he filed a motion for relief from judgment in the trial court on November 1, 2011. The state court proceedings on this motion concluded with the Michigan Supreme Court's denial of his application for leave to appeal on September 3, 2013. *See People v. Aiello*, 495 Mich. 851, 835 N.W.2d 590 (2013). Respondent has not filed a response to petitioner's motion.

The Court should grant petitioner's motion, for two reasons. First, as noted, respondent has not filed a response to petitioner's motion although his time for doing so has now expired. *See* E.D. Mich. LR 7.1(d). Because a response has not been filed, the motion is deemed unopposed, *see* E.D. Mich. LR 7.1(b) (emphasis added) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available."), and may be granted on that basis. *See Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995). Second, petitioner is entitled to a lifting of the stay because he has complied with the conditions of the stay. Petitioner filed his motion for relief from judgment in the state court on November 1, 2011, within 30 days of the Court's October 19, 2011, Order granting the stay. Further, petitioner filed his motion to lift the stay on September 23, 2013, within 30 days of the September 3, 2013, conclusion of his state court proceedings. Because petitioner complied with the terms of the Court's order granting a stay, he is entitled to a lifting of the stay to proceed on his now exhausted claims.

*See Ayre v. Smith*, No. 5:06-CV-11327, 2010 WL 2196103, at *1 (E.D. Mich. June 1, 2010) (O'Meara, J.); *Hailes v. Lavigne*, No. 03-74144, 2007 WL 2318746, at *1 (E.D. Mich. Aug. 9, 2007) (Hood, J.).

Accordingly, the Court should grant respondent's motion to lift the stay, reopen this case, and deem petitioner's amended application filed. The Court should further order respondent to file an amended answer and any additional Rule 5 materials, *see* Rule 5, 28 U.S.C. foll. § 2254, within sixty days of the Court's order.[2]

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

---

[2]The Court referred this matter to me for all pretrial proceedings and for a report and recommendation on May 10, 2011, prior to the entry of the stay. If the Court accepts the foregoing recommendation and reopens the case, I will consider this Order of Reference effective, and will prepare a report and recommendation after respondent files his amended answer, unless the Court directs otherwise.

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: May 21, 2014                             s/Paul J. Komives
                                                              PAUL J. KOMIVES
                                                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the forgoing document was sent to parties of record on May 21, 2014, electronically and/or by U.S. Mail.

                                                              s/Michael Williams
                                                              Case Manager for the
                                                              Honorable Paul J. Komives