UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JAMES AIELLO,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.
_____/

Civil No. 2:10-CV-14330
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Donald James Aiello, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for carjacking, M.C.L.A. § 750.529a; armed robbery, M.C.L.A. § 750.529; receiving and concealing a stolen firearm, M.C.L.A. § 750.535b; two counts of possession of a firearm during the commission of a felony (felony firearm), M.C.L.A. § 750.227b; carrying a dangerous weapon with unlawful intent, M.C.L.A. § 750.226; assault with intent to do great bodily harm, M.C.L.A. § 750.84; two counts of discharge of a firearm at a dwelling, M.C.L.A. § 750.234b; and discharge of a firearm from a motor vehicle, M.C.L.A. § 750.234a. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the St. Clair County Circuit Court. This Court recites verbatim the relevant facts relied upon by the

Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> In this case, defendant was hospitalized for about four days for recurring depression after he attempted to commit suicide by taking approximately 80 aspirin pills. This occurred about six weeks before his crimes took place. Defendant was prescribed two anti-depressant medications as a result of his attempted suicide, but his prognosis was guarded because the treating psychiatrist did not believe defendant would handle his depression well.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> Defendant was previously upset with Brianna Frantz and her family. Defendant threatened to kill Frantz and her family after she refused to work things out in their relationship. Defendant obtained a gun, stole a taxicab, and then shot at Frantz's house. He then discarded the gun and cab and went to a friend's house. Shortly thereafter, defendant then fled the state.

*People v. Aiello*, No. 283241; 2009 WL 1441468, \*2 (Mich.Ct.App. May 21, 2009).

Petitioner's conviction was affirmed on appeal. *Id.*; *lv. den.* 485 Mich. 928, 773 N.W.2d 684 (2009); *reconsideration denied*, 485 Mich. 1073, 777 N.W.2d 184 (2010).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance while petitioner returned to the state courts to exhaust additional claims. *See Aiello v. Curtin,* No. 2:10–14330; 2011 WL 4962982 (E.D. Mich. October 19, 2011).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Aiello,* No. L-07-000818-FC (St. Clair County Circuit Court, January 24, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Aiello,* No. 311457 (Mich.Ct.App. September 3, 2013); *lv. den.* 495 Mich. 851, 835 N.W.2d 590 (2013).

On June 12, 2014, the Court reopened the case to the Court's active docket and permitted petitioner to file an amended habeas petition, in which petitioner seeks relief on the following grounds:

I. Defendant was denied effective assistance of trial counsel where counsel failed to present a defense of insanity and instead presented a defense of voluntary intoxication claiming that a side effect from defendants [sic] prescribed psychotropic medication had caused him to commit the crimes for which he was charged and convicted.

II. Trial counsel was ineffective for failing to object to verdict [sic] form when counsel had stated that he would object if the form did not include the lesser offense of UDAA.

III. The trial court abused it's [sic] discretion when it improperly admitted People's exhibit #49 (a cd), thus denying defendant due process of law and a fair trial.

IV. Defendant was denied his right of effective assistance of counsel when his trial counsel failed to reasonably investigate, prepare, and present a substantial defense of involuntary intoxication and trial counsels [sic] failure to investigate, prepare, and call witnesses whose testimony would have provided defendant with a substantial defense.

V. Defendant was denied his right to effective assistance of counsel when appellate counsel failed to raise in a proper post trial motion or on direct appeal of trial counsel's ineffectiveness for failing to conduct reasonable investigations, and for appellate counsel's failure to investigate known witnesses whose testimony were outcome determinative on appeal.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and

4

then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. In reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953).

### III.  Discussion

### A. Claim # 3.  The procedurally defaulted claim.

Petitioner's third claim contends that the trial court abused its discretion when it improperly admitted People's exhibit #49 (a CD), thereby denying petitioner due process and his right to a fair trial.  Respondent contends that the claim is defaulted because petitioner failed to object at trial and the Michigan Court of Appeals relied on this failure to reject petitioner's claim. *Aiello*, 2009 WL 1441468, * 3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals indicated that trial counsel did not object on the same ground as asserted on appeal.  At trial, defense counsel objected to the admission of the recording, claiming that a copy of the recording violated the best evidence rule.  On appeal, petitioner argued "that the trial court improperly admitted the recording because

the trial court failed to listen to the recording outside of the jury's presence," and that the recording was "so inaudible and incomprehensible that it was untrustworthy and its admission was error requiring reversal." *Aiello*, * 3. By failing to object at trial on this ground, the Michigan Court of Appeals ruled that petitioner had not preserved his claim involving the admission of the CD based on "whether the recording was sufficiently comprehensible for the jury to consider its contents." *Id.*

Michigan has a firmly established procedural rule that an objection on one ground is insufficient to preserve an appellate argument based on another ground. *See e.g., People v. Aldrich*, 246 Mich. App. 101, 113, 631 N.W.2d 67 (2001); *People v. Asevedo*, 217 Mich. App. 393, 398, 551 N.W.2d 478 (1996). The Michigan Court of Appeals clearly indicated that by failing to object to the admission of the CD on the ground that the judge failed to listen to the recording outside the jury's presence, petitioner had not preserved his third claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). This Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Furthermore, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991); *Pearl v. Cason,* 219 F. Supp. 2d 820, 828 (E.D. Mich. 2002).

Petitioner offers no reasons to excuse the default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding this claim. *Smith*, 477 U.S. at 533. Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his abuse of discretion claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review petitioner's third claim on the merits. *See Pearl v. Cason,* 219 F. Supp. 2d at 828. Petitioner's third claim is procedurally barred.

**B. Claims ## 1, 2, 4, and 5. The ineffective assistance of counsel claims.**

The Court consolidates petitioner's ineffective assistance of counsel claims for judicial clarity and because many of the claims overlap. Petitioner brings numerous claims of ineffective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant

8

must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state

court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner initially contends that he was denied the effective assistance of counsel when counsel failed to present a defense of insanity and instead presented a defense of voluntary intoxication. Petitioner is not entitled to habeas relief on this claim for several reasons. First, petitioner's claim is without merit because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime. *See e.g. Sneed v. Johnson*, 600 F. 3d 607, 611 (6th Cir. 2010). More specifically, in light of the fact that petitioner has failed to show that he has an expert who would testify that he was legally insane at the time of the offenses, counsel's failure to raise an insanity defense was not prejudicial to petitioner. *See Abdur'ahman v. Bell*, 226 F.3d 696, 715 (6th Cir. 2000).

Furthermore, as one court has noted: "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors." *Weekley v. Jones*, 76 F. 3d 1459, 1463 (8th Cir. 1996)(citing *C. Boehnert, Characteristics of Successful and Unsuccessful Insanity Pleas*, 13 Law and Human Behavior 31, 34, 36-37 (1989)). Since insanity or mental defenses are rarely successful, it would not have been unreasonable for counsel, at least under the facts of this case, to forego such a defense for a stronger defense theory. *See e.g. Silva v. Woodford*, 279 F. 3d 825, 851 (9th Cir. 2002); *see also Sneed*, 600 F. 3d at 611 (counsel not ineffective in failing to present insanity defense where "public's widespread skepticism of the insanity defense at the time

10

of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense").

The Michigan Court of Appeals rejected petitioner's claim on the ground that "the record evidence showed that [petitioner's] conduct was purposeful" and that petitioner "came up with a detailed plan and then executed that plan." *Aiello*, * 2.

Moreover, petitioner's counsel called Dr. Mohammed Saeed who supported the possibility that the medication petitioner was prescribed could have caused homicidal ideation in support of the defense theory of voluntary intoxication. *Id.* Counsel's choice was a matter of trial strategy. The decision to pursue a defense of voluntary intoxication and not present a defense of insanity was a reasonable trial strategy that defeats petitioner's ineffective assistance of trial counsel claim. *See Scott v. Elo,* 100 Fed. Appx. 332, 333-34 (6th Cir. 2004).

Petitioner next contends that trial counsel was ineffective for failing to object to the verdict form when counsel had previously stated that he would object if the form did not include the lesser offense of unlawful driving away an automobile.

The Michigan Court of Appeals found that trial counsel did object to the trial court not reading the lesser offense of the unlawful driving away of an automobile and referred to the record as follows:

During a discussion of the jury instructions defense counsel stated that:

> My only point, and I'll be brief, is the fact that with regard to the carjacking there was some authority that unlawful driving away of an automobile has been used in the past as a necessarily included lesser offense. I know that the People made the point that a rational view of the evidence would support the reading of that instruction. I ask that it be read. I would ask at this point that if the Court – the point I would make, that if the Court is not going to read it, I would object to the Court not reading the instruction.

The trial court responded by stating:

> All right. And I did agree with the Prosecution on the facts and evidence as presented in this case that that [sic] as a cognate or lesser included offense would not fit, and therefore, we'd decline to give that instruction.

After the trial court instructed the jury, the following exchange took place:

> Trial Court: All right. Now we'll let the record reflect that the jury is sequestered in the jury room, both counsel have now heard the instructions as given by the Court. And if there's – of course, anything that was said earlier is incorporated by reference, but if there's any further questions or remarks or statements about those instructions either party wish to make, they may do so at this time.
>
> The Prosecutor: The People are satisfied with the instructions. The verdict form, Mr. Boucher [defense counsel] and I discussed it, it needs to be corrected. The Count 1 did not – was—the UDAA was supposed to be removed. The less serious –

Trial Court: Okay. You agree with that?

Defense Counsel: I do, Judge.

Trial Court: Okay

The Prosecutor: I'll get that done right now.

*Aiello*, * 4-5.

> The Michigan Court of Appeals then rejected petitioner's claim finding:
>
> Defendant has misinterpreted the record in arguing that his counsel was ineffective for initially objecting to the exclusion of the UDAA instruction and then acquiescing to the amended form of the verdict. Defense counsel clearly placed an objection on the record regarding the trial court's decision not to give the UDAA instruction. This objection was even incorporated by reference into the discussion after the trial court instructed the jury. Defense counsel's agreement that the form of the verdict should not include UDAA was because the trial court had already refused to give this instruction. Defense counsel only agreed to an accurate form of the verdict based on the trial court's ruling. There would have been no merit to defendant's objection to the form of the verdict and counsel is not ineffective for failing to argue a meritless position.

12

*Id.* at *5.

Defense counsel did, in fact, object to the exclusion of the instruction on UDAA. The judge overruled this objection and ruled that an instruction on UDAA would not be given. At that point, trial counsel "only agreed to an accurate form of the verdict based on the trial court's ruling." *Aiello,* at * 5. Because the trial judge already ruled that the UDAA instruction would not be given, counsel was not ineffective for failing to raise a futile objection. *See U.S. v. Johnson*, 9 Fed.Appx. 373, 374 (6th Cir. 2001)(citing *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996)).

Petitioner's fourth claim alleges that trial counsel failed to investigate, prepare, and present an involuntary intoxication defense and failed to call five witnesses.

Under Michigan law, the involuntary intoxication defense is "included within the ambit of the insanity defense." *People v. Wilkins*, 184 Mich. App. 443, 450; 459 N.W.2d 57, 60 (Mich. Ct. App. 1990). Being that the defendant must be in "a state of mind equivalent to insanity," the defendant essentially raises an insanity defense. *Id.*; accord *People v. Caulley*, 197 Mich. App. 177, 186-87; 494 N.W.2d 853, 858 (Mich. Ct. App. 1992). There is no record support for an insanity defense. Furthermore, the Michigan Court of Appeals found that petitioner failed to show that he met the mental state required for insanity and that he acted purposefully when committing the crimes. *Aiello,* * 2.

Unlike involuntary intoxication, voluntary intoxication is a defense to specific intent crimes when a defendant "voluntarily consumed a legally obtained and properly used medication or other substance and did not know and reasonably should not have known that he or she would become intoxicated or impaired." Mich. Comp. Laws § 768.37(2). Counsel's tactical decision to pursue voluntary intoxication defense, as opposed to

13

involuntary intoxication defense, was not ineffective when there was no evidence to support an involuntary intoxication defense. *See U.S. ex rel. Gerrior v. Lane*, 694 F. Supp. 525, 527 (N.D. Ill. 1988).

Petitioner also contends that trial counsel was ineffective in failing to call five witnesses. The trial court rejected petitioner's claim when brought on petitioner's motion for relief from judgment. Two of the witnesses were subpoenaed by trial counsel who then made the decision not to have them testify. Trial counsel's decision to not call petitioner's mother and Brenda Paeth to testify was a matter of trial strategy. Furthermore, the affidavit provided by Brenda Paeth emphasizes petitioner's hostile behavior towards his girlfriend. The other three witnesses were friends petitioner intended to call to support an involuntary intoxication defense. Since trial counsel chose to pursue a voluntary intoxication defense, the decision not to call these witnesses was a matter of trial strategy.

Petitioner also contends that appellate counsel was ineffective.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). None of petitioner's claims have any merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

14

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d at 798.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

Dated:<u>October 29, 2015</u>